STATE of Wisconsin, Plaintiff-Appellant,

v.

James SARLUND, Defendant-Respondent.

Supreme Court

*No. 86–0194–CR. Argued January 7, 1987.—Decided June 19, 1987.*

(Also reported in 407 N.W.2d 544.)

For the plaintiff-appellant the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the briefs (in court of appeals) was *Bronson C. La Follette,* attorney general.

For the defendant-respondent there was a brief (in court of appeals) and oral argument by *Mary E. Waitrovich,* assistant state public defender.

LOUIS J. CECI, J.   This is an appeal from a decision of the circuit court for Dane county, Judge James C. Boll, accepted on the certification of the court of appeals, pursuant to sec. 808.05(2), Stats. The decision appealed from, which was entered by Judge Boll on December 12, 1985, vacated defendant James Sarlund's conviction for violating an injunction which

was issued pursuant to sec. 813.125.[1] Judge Boll vacated defendant's conviction because he believed the statute to be unconstitutional.[2] The sole issue

---

[1]That statute provides, in pertinent part, as follows:

"813.125 HARASSMENT RESTRAINING ORDERS AND INJUNCTIONS. (1) **Definition.** In this section, 'harassment' means any of the following:

"...

"(b) Engaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose.

"...

"(3) **Temporary restraining order.** (a) A judge may issue a temporary restraining order ordering the respondent to cease or avoid the harassment of another person, if all of the following occur:

"1. The petitioner files a petition alleging the elements set forth under sub. (5)(a).

"2. The judge finds reasonable grounds to believe that the respondent has violated sec. 947.013 [the criminal harassment statute].

"...

"(4) **Injunction.** (a) A judge may grant an injunction ordering the respondent to cease or avoid the harassment of another person, if all of the following occur:

"1. The petitioner has filed a petition alleging the elements set forth under sub. (5)(a).

"2. The petitioner serves upon the respondent a copy of a restraining order obtained under sub. (3) and notice of the time for the hearing on the issuance of the injunction under sub. (3)(c).

"3. After hearing, the judge finds reasonable grounds to believe that the respondent has violated sec. 947.013.

"...

"(5) **Petition.** (a) The petition shall allege facts sufficient to show the following:

"1. The name of the person who is the alleged victim.

"2. The name of the respondent.

"3. That the respondent has violated sec. 947.013.

"(b) The clerk of circuit court shall provide simplified forms."

[2]The court addressed an additional issue, namely, whether Sarlund should be permitted to withdraw a no-contest plea on the

raised on appeal is: Is sec. 813.125, unconstitutionally vague and overbroad? We hold that it is constitutional, consistent with the reasoning articulated by this court in *Bachowski v. Salamone,* 139 Wis. 2d 397, 407 N.W.2d 533, also decided today. Accordingly, we reverse the decision of the circuit court which addressed the issue of the constitutionality of that statute and remand the cause to the trial court for further proceedings consistent with this decision.

## I.

The facts giving rise to this case are summarized below. Defendant James Sarlund (Sarlund) met Julie Ramstad (Ramstad) in 1982, at a time when both were students at a junior college in Rock county. At the time the parties met, Sarlund was in his mid-twenties and was returning to school after an unsuccessful attempt to obtain a position with a professional football team.

Upon meeting Ramstad, Sarlund decided that he was the "right man" for her and thereafter began a campaign to get a date with her. To this end, Sarlund began to write love letters to Ramstad, in which he asked her for dates. Ramstad declined his overtures. Sarlund remained persistent, especially upon learning of rumors that Ramstad was romantically associated with men who he believed took advantage of her or otherwise treated her and spoke of her with disrespect. He also learned that some of Ramstad's boyfriends were making unfavorable comments about

grounds that it was not knowingly and voluntarily made. Judge Boll answered that question in the affirmative, thus providing further justification for vacation of the judgment. We will deal with that aspect of Judge Boll's decision later in this opinion.

him. Sarlund is quoted as saying that the rumors he heard "didn't stop me, because that made me more determined to prove [to Ramstad] that I was an all right guy."

Thereafter, Sarlund became even more persistent than before. He continued to write letters to Ramstad. Sarlund used the letters as a vehicle to convince Ramstad that he was not a "loser" and that he could prove his worth to her if she would give him a chance. Sarlund also had an oil painting made of Ramstad (without her permission), repeatedly called her on the telephone, followed her and approached her at school, watched her house, met with her parents, contacted her employer, and threatened her dates. On one occasion, Sarlund was forcibly removed by the police from the home of one of Ramstad's boyfriends. Ramstad continued to resist Sarlund's advances, and the two never became romantically involved. However, Sarlund claimed that Ramstad occasionally appeared at bars which he was known to frequent and on one occasion, she reportedly approached him and told him that he could call her, but that her parents advised her against becoming involved with Sarlund in any way. Sarlund apparently construed this statement as the reciprocation of his advances, but Ramstad continued to rebuff his offers, in no uncertain terms.

At the injunction hearing, Ramstad's attorney stated that his client was hospitalized due to a nervous breakdown which was caused by Sarlund's behavior. Ramstad also reportedly developed anorexia nervosa, again as a result of Sarlund's behavior.

Subsequently, on May 22, 1984, an injunction was issued by Rock county circuit court Judge Mark J. Farnum, enjoining Sarlund from contacting Ramstad, her parents, and the men with whom she associated.

The injunction was issued based on the existence of a violation of the harassment statute and was effective June 4, 1984, through June 4, 1986. Sarlund was informed of the penalties for noncompliance with the injunction.

Less than six months later, Sarlund initiated contact with Ramstad, writing her letters and sending her a bouquet of flowers which was accompanied by a note. A criminal complaint was issued in Dane county circuit court on November 20, 1984, and Sarlund was charged with five counts of violating the injunction.

Sarlund pled no contest to the first count contained in the complaint, pursuant to an agreement with the prosecution. That agreement provided that the remaining four counts would be read in for purposes of sentencing. The circuit court, Judge James C. Boll, accepted the plea, found Sarlund guilty of the first count, and dismissed the remaining counts. Judge Boll placed Sarlund on probation for eighteen months on the condition that he obtain counseling, pay a fine plus court costs, and cease all contact with Ramstad, her parents, and Ramstad's acquaintances. The judgment of conviction was dated March 8, 1985.

Sarlund thereafter filed a post-conviction motion with the circuit court for Dane county, seeking to vacate the judgment of conviction. Sarlund asserted that the no-contest plea should be withdrawn because it was not knowingly and voluntarily made. The court granted Sarlund's motion, reasoning that absent an affirmative showing that the defendant's plea was understandingly made, it should be withdrawn. The parties present no arguments to this court regarding the aspect of Judge Boll's decision dealing with the withdrawal of Sarlund's no-contest plea. However, it is appropriate that this cause be remanded to the circuit

court so that a hearing may be held on the issue of whether Sarlund's plea was knowingly and voluntarily made. A hearing is necessary to ensure that the court's determination on this issue is made in accordance with recent decisions of this court.

The court next addressed the constitutionality of the harassment statute, finding it to be vague and overbroad. The court believed that the statute as written could be used to punish constitutionally protected speech or conduct. The court further found that the words "harass or intimidate," contained in the statute, were not subject to a narrowing construction. It reached the same conclusion about the "which serve no legitimate purpose" language contained in the statute. In addition, the court stated that the statute had a real and substantial deterrent effect on legitimate (though perhaps annoying and obnoxious) speech or conduct. Based on these findings, the trial court struck down the statute and, accordingly, vacated defendant's conviction. Final judgment was entered on December 12, 1985. The state filed a notice of appeal with the court of appeals on January 27, 1986. The appeals court requested that this court accept certification of the state's appeal on September 2, 1986, and the certification request was granted on September 16, 1986.

## II.

Today, in *Bachowski v. Salamone,* this court upholds the constitutionality of sec. 813.125, Stats., finding that it is neither vague nor overbroad. The court also upholds the constitutionality of certain procedures which sec. 813.125 makes available for obtaining injunc-

tive relief against an individual who has allegedly violated the criminal harassment statute, sec. 947.013.[3] We need not reiterate the principles which are articulated in *Bachowski*. Suffice it to say that the analysis used there renders Judge Boll's interpretation of the statute invalid. Judge Boll's decision, insofar as it struck down the constitutionality of the harassment statute, is, accordingly, reversed.

The legislative intent behind the harassment statute plainly indicates that "the legislature has sought to prevent repeated assaults on the privacy interests of individuals without unnecessarily infringing on their freedom to express themselves through speech and conduct." *Bachowski,* at 11. The intrusion on Julie Ramstad's privacy, needless to say, has not been insubstantial. Not only was she repeatedly followed and watched, but she was also the subject of frequent telephone calls and letters. The defendant contacted her parents and her employer. Sarlund's attention was also focused on Ramstad's male friends, some of whom were threatened. This type of repetitive, deliberate intrusion into the privacy of another is exactly the type of conduct that secs. 813.125 and 947.013, Stats., were designed to proscribe.

Whenever a temporary restraining order or injunction for violation of the harassment statute is

[3]That statute provides, in pertinent part, as follows:

"**947.013 HARASSMENT.** (1) Whoever, with intent to harass or intimidate another person, does any of the following is subject to a Class B forfeiture:
"...
"(b) Engages in a course of conduct or repeatedly commits acts which harass or intimidate the person and which serve no legitimate purpose."

sought, the court is required to find that there are reasonable grounds to believe that the defendant has violated the criminal harassment statute, sec. 947.013. Such a finding was made here. The court specifically instructed Sarlund to cease all communications with Ramstad, her family, and her male acquaintances. Sarlund knew which conduct the court initially found to be objectionable, and he knew which conduct he was prohibited from engaging in subsequent to issuance of the injunction. This is not a case where the defendant can feign ignorance and claim that he had no notice of the possible sanctions or of the conduct which the court sought to prevent.

This is also not a case where the circuit court was left without concrete examples of harassment to support an ultimate decision that an injunction should issue. The court was presented with an adequate explanation of the type of conduct sought to be enjoined. It was aware of specific instances of harassing behavior. For example, the court was informed of specific dates on which some of the offending conduct occurred. It was told of the location of some of the conduct, as well as of which individuals were involved. The court was informed of the nature of Sarlund's behavior (i.e., it knew that Sarlund sent numerous, nonthreatening letters to Ramstad, but that he threatened Ramstad's boyfriends in person, on one occasion leading to his removal, by force, from a boyfriend's residence). The identification of the offensive conduct was sufficiently precise to satisfy the standards for issuance of equitable relief. The prosecutor did not merely allege, in general terms, that Ramstad had been "harassed" or "intimidated." Those types of general allegations would not have been sufficient

under the strictures of the statute. *See, Bachowski,* at 412–413.

We restate these principles simply to reemphasize the absolute necessity of providing the court with specific examples of harassment to allow it to make the temporary restraining order or injunction determination with more to rely upon than just vague allegations. The importance of a complete recitation of the facts and circumstances which could justify issuance of a temporary restraining order or injunction, from a due process standpoint, cannot be overly emphasized. *See, Bachowski,* at 412–414.

*By the Court.*—The decision of the circuit court is reversed in part, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

LOUIS J. CECI, J. (*concurring*). I write a concurrence to my majority opinion solely to point out an error made by Justice Abrahamson in her dissent. The dissent erroneously states, "[U]nder the test set forth in *Bachowski,* the injunction upon which the conviction is based is invalid." Dissenting opinion at pages 395–396. The opinion of this court points out that the injunction was issued only after the issuing court was "presented with an adequate explanation of the type of conduct sought to be enjoined." Majority opinion at page 394. This was sufficient for constitutional purposes.

I am authorized to state that JUSTICES ROLAND B. DAY, DONALD W. STEINMETZ, and WILLIAM A. BABLITCH joins this concurring opinion.

SHIRLEY S. ABRAHAMSON, J. (*dissenting in part*). I would affirm circuit court Judge Boll's vacat-

ing the defendant's conviction. Judge Boll declared the statute to be unconstitutional. As I explained in my concurrence in *Bachowski v. Salamone,* 139 Wis. 2d 397, 407 N.W.2d 533, I conclude the statute as construed by this court to include verbal communications is unconstitutional.

Furthermore, even if the statute is constitutional, the conviction in this case must be vacated because, under the test set forth in *Bachowski,* the injunction upon which the conviction is based is invalid. *Bachowski* requires that the injunction "be specific as to the acts and conduct which are enjoined." Majority opinion page 414. The injuction in this case restrained and enjoined Sarlund "from telephoning, contacting, writing to, intimidating or in any way harassing the Petitioner, Julie Ramstad." See Injunction entered by the Rock county circuit court on June 4, 1984; Record, 24–23, 24. This injunction has the same defects as the injunction in *Bachowski,* 139 Wis. 2d at 397 (majority opinion pages 414–415), and the conviction must be vacated.

The majority reverses the conviction and remands the cause to the Dane county circuit court for further proceedings, which as I understand it includes a hearing on the defendant's request to withdraw the plea. Since the majority does not address the issue of the validity of the injunction, I assume the defendant may raise this issue in the Dane county circuit court.

I am authorized to state that CHIEF JUSTICE NATHAN S. HEFFERNAN joins this opinion.